# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| LAURA BECHTEL,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>FITNESS EQUIPMENT SERVICES, LLC<br>dba SOLE FITNESS<br><br>　　　　　　　Defendant. | Case No. 1:19-cv-00726<br><br>Judge Michael R. Barrett<br><br>**Magistrate Judge Karen L. Litkovitz** |

## STIPULATED PROTECTIVE ORDER

　　The Court recognizes that disclosure and discovery activity are likely to arise that will require the potential disclosure of trade secrets, confidential research, development, manufacturing, financial, processes, marketing and business information, or other commercial information within the meaning of Federal Rule of Civil Procedure 26(c). Accordingly, it is ORDERED as follows:

　　1.　　There is good cause to issue this Order under Federal Rule of Civil Procedure 26(c). Any party to this litigation and any third-party shall have the right to designate as Confidential and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.2.1.

2. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "Confidential" or "CONFIDENTIAL – SUBJECT TO STIPULATED PROTECTIVE ORDER" (hereinafter "Confidential").

3. Information and documents designated as Confidential, including any copies, notes, or summaries thereof, shall be maintained in confidence by the persons to whom such materials are produced or disclosed and Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

(a) Counsel (herein defined includes any attorney at the parties' outside law firms and relevant in-house counsel for the parties, legal paralegals, legal associates, clerical, and other support staff employed by such Counsel and who are actually involved in assisting in this case);

(b) Outside experts or consultants retained by outside Counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

(c) Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(d) The Court and court personnel;

(e) Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

(f) Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

(g) The parties.

4. Confidential material shall be used only by individuals permitted access to it under Paragraph 3. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside Counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

5. Sensitive business information that is irrelevant and not responsive to a discovery request in this litigation may be redacted.

6. With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 3 above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 3 above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of

the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

7. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, electronically stored information ("ESI") or information (including metadata) for relevance, responsiveness, and segregation of privileged and protected information before production.

8. Any party to this litigation and any third-party shall have the right to designate as Attorneys' Eyes Only and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.

9. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: Attorneys' Eyes Only or "ATTORNEYS' EYES ONLY – SUBJECT TO STIPULATED PROTECTIVE ORDER" (hereinafter "Attorneys' Eyes Only").

10. Information and documents designated as Attorneys' Eyes Only, including any copies, notes, or summaries thereof, shall not be produced or disclosed to any person other than to Counsel for the parties. Such information also may be produced or disclosed to the Court, court reporters and expert witnesses and consultants.

11. All persons authorized by this order to receive information designated as Confidential or Attorneys' Eyes Only shall maintain such information in accordance with this

order, and shall use such information solely for the purpose of preparing for and conducting this litigation. No information designated as Confidential or Attorneys' Eyes Only shall be used by the receiving party for any business, commercial, competitive, personal or other purpose.

12. All persons authorized to receive Confidential or Attorneys' Eyes Only information under this order (other than the Court, Counsel, jurors, and court reporters) shall be shown a copy of this order. Counsel for the respective parties shall ensure that all such individuals agree to comply with this order.

13. If Counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a) Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, Counsel shall then confer in good faith in an effort to resolve the dispute.

(b) If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1, before filing a formal motion for an order regarding

the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

14. All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.2.1(a), as the Court, not the parties, determines which documents may be filed under seal. This protective order does not authorize filing protected materials under seal without prior permission of Court as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal and for seeking leave of the Court.

15. If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after requesting approval from the producing party and as directed by the Court.

16. To the extent consistent with applicable law and Federal Rule of Evidence 502(d), the inadvertent or unintentional disclosure of Confidential or Attorneys' Eyes Only information that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing Counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes Only within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential or Attorneys' Eyes Only under this Stipulated Protective Order.

17. The production of privileged or work-product protected documents, ESI, or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from

discovery in this case or in any other federal or state proceeding consistent with Federal Rule of Evidence 502(d). This order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

18. The terms of this protective order do not preclude, limit, restrict, or otherwise apply to the use of documents at court proceedings. Subject to the Federal Rules of Evidence, a confidential document may be offered into evidence at trial or any court hearing, provided that the proponent of the evidence gives advance notice to opposing Counsel of the intended use of the confidential document as may be required by a scheduling or other order. Any party may move the Court for an order that the Confidential or Attorneys' Eyes Only document be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as a confidential document and, if so, what protection may be afforded to such information at the trial or hearing.

19. Nothing in this Order shall prevent any party from disclosing its own information and documents to any person, and such disclosure shall not be deemed a waiver of any party's rights or obligations under this order. Nothing in this order shall be construed to restrict any party's use of information, in the party's possession or known by the party, before disclosure by any other party or non-party, or of information that is public knowledge, has not previously been maintained as Confidential, or is independently developed or acquired outside of the production and exchange of documents and information subject to this order.

20. The entry of this Order shall not in any way detract from or constitute a waiver of the right of any individual or entity to object to the production of discovery materials or the admissibility of any document on grounds other than confidentiality.

21. Within sixty days (60) after termination of this lawsuit, and after exhaustion of all appeals, whether by judgment, order, or settlement, the parties, on written request of the designating party, shall return all materials and information designated as Confidential or Attorneys' Eyes Only, together with any reproductions thereof, to the party or parties that produced such material or information. In the alternative, upon the explicit request of the producing party, the receiving party may destroy all such materials and information, together with any reproductions thereof, and execute a certificate stating that it has been destroyed.

22. The parties, their witnesses, and their Counsel shall continue to comply with this Order's provisions after the conclusion of this action. The Court issuing this Order shall have continuing jurisdiction to enforce it.

23. This Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

So **ORDERED**, this ___6___ day of __February__, 2020.

BY THE COURT:

_____
United States Magistrate Judge

AGREED TO THIS 30th day of January 2020:

*s/ Terence R. Coates*                      *s/ Thomas A. Gamache*

| | |
|---|---|
| W.B. Markovits | Daniel J. Offenbach |
| Paul M. De Marco | Thomas A. Gamache |
| Terence R. Coates | Leahy, Eisenberg & Fraenkel, LTD |
| Justin C. Walker | 33 W. Monroe Street, Suite 1100 |
| Markovits, Stock & Demarco, LLC | Chicago, IL 60603 |
| 3825 Edwards Road, Suite 650 | Telephone: 312.268.4554 |
| Cincinnati, OH 45209 | Facsimile: 312.368.4562 |
| Telephone: 513.651.3700 | Email: djo@lefltd.com |
| Facsimile: 513.665.0219 | |
| Email: bmarkovits@msdlegal.com | and |
|       pdemarco@msdlegal.com | |
|       tcoates@msdlegal.com | Michael P. Cussen |
|       jwalker@msdlegal.com | McCaslin, Imbus & McClasin |
| | 600 Vine Street, Suite 800 |
| and | Cincinnati, OH 45202 |
| | Telephone: 513.263.2116 |
| Nathan D. Prosser (Pro Hac Vice) | Facsimile: 513.421.7929 |
| Hellmuth & Johnson, PLLC | Email: mpcussen@mimlaw.com |
| 8050 West 78th Street | |
| Edina, MN 55439 | Attorneys for Defendant |
| Telephone: 952.941.4005 | |
| Facsimile: 952.941.2337 | |
| Email: nprosser@hjlawfirm.com | |
| | |
| Attorneys for Plaintiff | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **LAURA BECHTEL,**<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>**FITNESS EQUIPMENT SERVICES, LLC dba SOLE FITNESS**<br><br>　　　　　　　Defendant. | Case No. 1:19-cv-00726<br><br>Judge Michael R. Barrett<br><br>**Magistrate Judge Karen L. Litkovitz** |

## NON-DISCLOSURE AGREEMENT

I, _____, have been retained on behalf of the Plaintiff / Defendant (circle appropriate party) and hereby agree, under penalty of perjury, that I will be bound by the Stipulated Protective Order in the above-captioned matter. Under the Stipulated Protective Order, I shall not disclose any information or documents marked Confidential to any person or entity other than to the Parties in this case, their attorneys, and/or the Court.

_____
(Signature)