UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **LAURA BECHTEL and TROY THOENNES,**<br><br>Plaintiffs,<br><br>v.<br><br>**FITNESS EQUIPMENT SERVICES, LLC dba SOLE FITNESS**<br><br>Defendant. | Case No. 1:19-cv-00726<br><br>Judge Michael R. Barrett<br><br>**Magistrate Judge Karen L. Litkovitz** |

ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

This matter comes before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"). The Court has reviewed the Motion and the Class Action Settlement Agreement and Release dated January 24, 2022 ("Agreement")[1] entered into by Plaintiffs with Defendant Fitness Equipment Services, LLC dba Sole Fitness ("Defendant" or "Sole"), and attached exhibits, and finds that the Motion should be **GRANTED**.

NOW, THEREFORE, the Court hereby **FINDS, CONCLUDES AND ORDERS**:

1. The Court does hereby preliminarily and conditionally approve, for settlement purposes, the following Class:

    **(a) All Persons within Ohio and Minnesota who purchased a Sole F63 (3.0 CHP), Sole F65 (3.25 CHP), Sole S77 (4.0 CHP), Sole F80 (3.5 CHP), Sole F85 (4.0 CHP), Sole TT8 (4.0 CHP), Sole F60 (2.75 CHP), Sole S73 (3.0 CHP), Sole F83 (3.25 CHP), and/or Sole TT9 (4.0 CHP) treadmill from August 30, 2015 through the date of preliminary approval, primarily for personal, family, or household purposes, and not for resale, and (b) all Persons within the United**

---

[1] All capitalized terms used in this Order shall have the same meanings as set forth in the Agreement.

1

**States and its territories, excluding Ohio and Minnesota, who purchased a Sole F63 (3.0 CHP), Sole F65 (3.25 CHP), Sole S77 (4.0 CHP), Sole F80 (3.5 CHP), Sole F85 (4.0 CHP), Sole TT8 (4.0 CHP), Sole F60 (2.75 CHP), Sole S73 (3.0 CHP), Sole F83 (3.25 CHP), and/or Sole TT9 (4.0 CHP) treadmill from December 2, 2017 through the date of preliminary approval, primarily for personal, family, or household purposes, and not for resale. Excluded from the Class are: Defendant and its officers and directors; Class Counsel and their partners, associates, lawyers, and employees; and judicial officers and their immediate family members and associated Court staff assigned to this case.**

2. Based upon information provided: the Class is ascertainable; it numbers in the thousands, satisfying numerosity; there are common questions of law and fact, including whether the horsepower of Defendant's Treadmills was misrepresented, satisfying commonality; the proposed Class Representatives' claims are typical, in that they are a member of the Class and allege they have been damaged by the same conduct as other Class Members; the proposed Class Representatives and Class Counsel can fully, fairly and adequately protect the interests of the Class; question of law and fact common to members of the Class predominate over questions affecting only individual members for settlement purposes; and a nationwide class combined with previously certified Ohio and Minnesota classes for settlement purposes is superior to other available methods for the fair and efficient adjudication of this controversy.

3. The Court appoints Plaintiffs Laura Bechtel and Troy Thoennes as the Class Representatives of the Class.

4. The Court appoints W.B. Markovits, Terence Coates, and Justin Walker of Markovits, Stock & DeMarco, LLC, and Nathan Prosser of Hellmuth & Johnson, PLLC as Class Counsel for the Class.

5. The Court appoints Angeion Group as Settlement Administrator.

6. The Court does hereby preliminary approve the Settlement, including the notices and the releases contained therein as being fair, reasonable, and adequate as to Class Members, subject to further consideration at the Fairness Hearing described below.

7. A hearing (the "Fairness Hearing") shall be held before the Court on September 21, 2022 at 9:00 a.m. for the following purposes:

    a. To determine whether the proposed Settlement on the terms and conditions provided for by the Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court;

    b. To determine whether a Final Approval Order, as defined in the Agreement, should be entered;

    c. To determine whether the claims process under the Settlement is fair and reasonable and should be approved by the Court;

    d. To determine whether Plaintiffs' application for Attorneys' Fees and Expenses, and requested Service Awards for the Class Representatives, should be approved; and

    e. To rule upon such other matters as the Court may deem appropriate.

8. The Court approves, as to form and content, the Short Form Settlement Notice, Settlement Notice, Publication Notice, electronic Claim Form, and finds that the mailing, distribution, and publishing of the various notices in the form and manner set forth in paragraph 10 of this Order meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled to notice.

9. The Complaint was commenced after February 18, 2005. The Court directs Sole to timely notify, through the Settlement Administrator, the appropriate Federal and State officials

under the Class Action Fairness Act of 2005, 28 U.S.C. §1715 (to the extent this has not already been done). Counsel for Sole or the Settlement Administrator shall, at or before the Fairness Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

10. The Settlement affords the following settlement benefits to Class Members:

a. non-reversionary $3,650,000.00 Common Fund from which *pro rata* settlement payments will be made to Class Members submitting a Valid Claim under the Settlement after the deduction of attorneys' fees, litigation expenses, settlement administration costs, and class representative incentive awards;

b. a transferable $100 gift card for one-time use of the purchase of a product from Sole's website, subject to certain date restrictions; and,

c. injunctive relief in that Defendant has agreed to stop utilizing the continuous horsepower representations at issue in this case and to include a disclaimer to accompany any horsepower representation published in connection with Defendant's future sale and/or marketing of its treadmills.

11. Angeion Group ("Settlement Administrator") is hereby appointed, under the supervision of Class Counsel, to administer the notice procedure as well as the processing of claims as more fully set forth below:

a. Within 35 days of receipt of Notice Data by the Settlement Administrator, the Settlement Administrator shall: i) provide notice with pre-populated information to those Class Members identified through Notice Data, substantially in the form of the Settlement Notice attached as Exhibit A to the Agreement; ii) cause the Publication Notice, substantially in the form as presented to the Court, to be published as proposed, or as otherwise ordered by the Court; iii)

4

establish a Settlement Website, including an electronic claim form that can be submitted by Class Members as well as other information relevant to the Class, and including material Court submissions within two days of filing.

      b. No later than 20 days before the Fairness Hearing, Class Counsel shall cause proof, by affidavit or declaration, of such notice to be filed with the Court.

    12. To be entitled to make a claim under the Settlement, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Agreement, each Class Member shall take the following actions and be subject to the following conditions:

      a. A properly executed electronic or hard copy Claim Form must be submitted to the Settlement Administrator no later than 90 days following Notice. Each Claim Form submitted via U.S. Mail shall be deemed to be submitted when received. Each Claim Form electronically submitted shall be deemed to be submitted when transmitted. Any Claim Form submitted in any other manner shall be deemed to have been submitted when it is received. Any Class Member who does not submit a Claim Form within the time limit provided shall be barred from receiving any benefit, unless otherwise ordered by the Court. Notwithstanding the foregoing, Class Counsel shall have discretion to accept late-submitted claims for processing by the Settlement Administrator as they, in good faith, deem appropriate.

      b. The Claim Form submitted by each Class Member must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph.

      c. As part of the Claim Form, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted and shall (subject to effectuation of the Settlement) release all Settled Class Claims as provided in the Agreement.

13. All Class Members shall be bound by all determinations and judgments in the class action concerning the Settlement, including, but not limited to, the releases provided for in the Agreement, whether favorable or unfavorable, except those who timely and validly requested exclusion from the Class and have not opted back in. The persons and entities who timely and validly requested exclusion from the Class will be excluded from the Class and shall not have rights under the Agreement, shall not be entitled to submit any Claim Forms, and shall not be bound by the Agreement or the Final Approval Order as to Sole in the class action.

14. Pending final determination of whether the Agreement should be approved, Class Counsel, Plaintiffs, and Class Members are barred and enjoined from commencing or prosecuting any action asserting any Settled Class Claims against Sole.

15. Any Class Member may enter an appearance, individually or, at their own expense, through counsel of their choice, in which case counsel must file with the Clerk of Court and deliver to Class Counsel and counsel for Sole a notice of such appearance no later than 60 days after the Notice Date. If they do not enter an appearance, they will be represented by Class Counsel.

16. All papers in support of the Settlement, and Class Counsel's Fee Application and request for expenses and Service Award, shall be filed no later than 14 days prior to the scheduled Fairness Hearing.

17. Any Class Member may appear and show cause, if that Class Member has any reason why the proposed Settlement should not be approved as fair, reasonable, and adequate, or why Class Counsel's application for an award of attorneys' fees and for reimbursement of expenses should not be granted; provided, however, that no person shall be heard or entitled to contest such matters unless that person has delivered by hand or sent by first class mail sufficient written objections and copies of all papers and briefs any such person wishes to submit in support of any

such objection delivered or post-marked no later than 90 days following Notice to the following:

OFFICE OF THE CLERK<br>
Potter Stewart U.S. Courthouse<br>
Room 103<br>
100 East Fifth Street<br>
Cincinnati, OH 45202

18. Any person who does not make his, her, or its objection in the manner provided in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Agreement, unless otherwise ordered by the Court. Any papers in response to any such objections or in further support of the above-named motions shall be filed no later than 60 days after the Notice Date.

19. This Order, the Agreement, and the Settlement, and any of their terms, and all negotiations, discussions, and proceedings in connection with this Order, the Agreement, and the Settlement, shall not constitute evidence, or an admission by Sole that any acts of wrongdoing have been committed and shall not be deemed to create any inference that there is any liability on the part of Sole. This Order, the Agreement, and the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order, the Agreement and the

Settlement shall not be offered or received in evidence or used for any purpose in this or any other proceeding in any court, administrative agency, arbitration tribunal, or other forum of any kind or character in the United States or any other country except as necessary to enforce the terms of this Order or the Settlement.

20. Any third-party retailers and/or distributor of the Treadmills must reasonably produce Class Member information to Class Counsel for the purpose of assisting Class Counsel in identifying and/or contacting to provide notice of this Settlement, as set forth in a separate Order.

21. The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Class Members and retains jurisdiction to consider all further applications or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Plaintiffs and Sole, if appropriate, without further notice to the Class.

**IT IS SO ORDERED.**

Dated: 2/21/2022

Karen L. Litkovitz.
United States Magistrate Judge

# EXHIBIT

# A

BECHTEL V. SOLE TIMELINE

| DAYS | MILESTONE | TRIGGER EVENT |
|---|---|---|
| 10 | CAFA Notice | Motion for Preliminary Approval filed |
| 35 | Notice Data from Defendant and third parties | Preliminary Approval |
| 35 | Notice | Notice Data |
| 0 | Website, Toll-free line, Publication | Notice |
| 90 | Claims Deadline | Notice |
| 60 | Opt-Out Deadline, Objection Deadline | Notice |
| 10 | Opt-Out Report | Opt-Out Deadline |
| 0 | Notice of Appearance | Objection Deadline |
| -14 | Fee, Expense, and Service Award Application | Objection Deadline |
| -14 | Motion for Final Approval | Objection Deadline |
| 0 | Report to Counsel (Declaration) | Claims Deadline |
| 30 | Deficiency Notice | Claims Deadline |
| 30 | Deficiency Response | Deficiency Notice |
| 21 | Deficiency Processing | Deficiency Response |
| 120 | Final Fairness Hearing | Notice |
| 0 | Fees, Expenses, and Service Awards Paid from Common Fund | Final Approval |
|  | Distribution | Effective Date or final deficiency processing, whichever is later |
| 180 | Void Date | Distribution |
| 30 | Final Date for Reissue | Void Date |
| 60 | Final Void Date for Reissued Checks | Void Date |
| 21 | Cy Pres Distribution | Final Void Date for Reissued Checks |
| 0 | Settlement Website Removed | Final Void Date for Reissued Checks |