UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LAURA BECHTEL and TROY THOENNES, <br><br> Plaintiffs, <br><br> v. <br><br> FITNESS EQUIPMENT SERVICES, LLC dba SOLE FITNESS, <br><br> Defendant. | Case No. 1:19-cv-00726 <br><br> Judge Michael R. Barrett <br><br> **Magistrate Judge Karen L. Litkovitz** |

### ORDER REQUIRING THIRD-PARTY RETAILERS OF SOLE TREADMILLS TO PRODUCE LIMITED CUSTOMER INFORMATION FOR THE PURPOSE OF ASSISTING IN PROVIDING DIRECT NOTICE TO CLASS MEMBERS

This matter comes before the Court on Plaintiffs' unopposed Motion for Preliminary Approval of Class Action Settlement and Request for an Order Requiring Third-Party Retailers of Sole Treadmills to Produce Limited Customer Information for the Purpose of Assisting in Providing Direct Notice to Class Members. The Court has reviewed Plaintiffs' request for an order requiring third-party retailers of Sole Treadmills ("Third-Party Retailers") to produce customer contact information for the specific purpose of assisting in providing direct notice to Class Members of this Settlement. The Court finds that the Motion should be **GRANTED.**

**NOW, THEREFORE,** the Court hereby **FINDS, CONCLUDES AND ORDERS:**

1. Third-Party Retailers must produce, within 30 days from notification of this Order, customer information in their possession, custody, and/or control (a) for those customers domiciled within the United States and its territories, excluding Ohio and

Minnesota, who purchased a Sole F63 (3.0 CHP), Sole F65 (3.25 CHP), Sole S77 (4.0 CHP), Sole F80 (3.5 CHP), Sole F85 (4.0 CHP), Sole TT8 (4.0 CHP), Sole F60 (2.75 CHP), Sole S73 (3.0 CHP), Sole F83 (3.25 CHP), and/or Sole TT9 (4.0 CHP) treadmill from December 2, 2017 through February 21, 2022, and (b) for those customers domiciled within Ohio and Minnesota who purchased a Sole F63 (3.0 CHP), Sole F65 (3.25 CHP), Sole S77 (4.0 CHP), Sole F80 (3.5 CHP), Sole F85 (4.0 CHP), Sole TT8 (4.0 CHP), Sole F60 (2.75 CHP), Sole S73 (3.0 CHP), Sole F83 (3.25 CHP), and/or Sole TT9 (4.0 CHP) treadmill from August 30, 2015 through February 21, 2022.

2. The Third-Party Retailers have in their possession, custody, and/or control client information that is essential for providing direct notice to potential Class Members under the Settlement in this Lawsuit.

3. Many Third-Party Retailers possess and maintain this customer information in electronic form, so it is generally not overly burdensome to require the production of such customer information.

4. Under this Order, the limited customer information includes any names, mailing addresses, email addresses, the make and model of the treadmill purchased, and the date of purchase for the customers identified in paragraph 1, to the extent such information is available.

5. Any Third-Party Retailer failing to comply with this Order without legal justification may be held in contempt of this Court.

**IT IS SO ORDERED**.

Dated: 2/21/2022

Karen L. Litkovitz
United States Magistrate Judge