# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| **LAURA BECHTEL and TROY THOENNES,** | Case No. 1:19-cv-00726 |
| Plaintiffs, | |
| | Judge Michael R. Barrett |
| v. | |
| | **Magistrate Judge Karen L. Litkovitz** |
| **FITNESS EQUIPMENT SERVICES, LLC dba SOLE FITNESS** | |
| Defendant. | |

## PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES, EXPENSES AND CLASS REPRESENTATIVES' SERVICE AWARDS

Pursuant to Fed. R. Civ. P. 23(h) and 54(d)(2), Plaintiffs Laura Bechtel and Troy Thoennes ("Plaintiffs"),[1] on behalf of themselves and the Settlement Class, respectfully moves this Court to enter the proposed Order attached as Exhibit 1 to Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement. Doc. 64-1. The requested Order would approve the following distributions from the Common Fund: (1) attorneys' fees to Class Counsel in the amount of $1,216,666.67 (one-third of the Common Fund); (2) $120,935.48 in litigation expenses that Class Counsel incurred in connection with this action; (3) $295,000.00 in Administrative and Notice Expenses associated with the Settlement (minus amounts already paid); and (4) Class Representative Service Awards in the amount of $5,000 to each Plaintiff. Class Counsel consulted with counsel for Defendant before filing this Motion and determined that this Motion is unopposed,

---

[1] Capitalized terms not defined herein are as stated in the Class Action Settlement Agreement and Release ("Agreement") dated January 24, 2022 (Doc. 59-2).

consistent with the Settlement (Doc. 39-2). The grounds for the Court's potential granting of this unopposed Motion are included in the accompanying memorandum.

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR ATTORNEYS' FEES, EXPENSES AND CLASS REPRESENTATIVES' SERVICE AWARDS**

### I.          INTRODUCTION

Plaintiffs and Class Counsel submit the proposed distribution of fees, expenses, and service award based upon the successful pursuit and resolution of a complicated consumer class action.[2] The case was complicated by the fact that there was no assertion of a "defect" in the treadmills, nor was there an assertion that the treadmills failed to perform adequately. Plaintiffs asserted that Defendant Fitness Equipment Services, LLC dba Sole Fitness ("Defendant" or "Sole") treadmills could not perform at the horsepower represented, which would require both a battle of technical experts on liability and a complex conjoint analysis to establish damages. Defendant strongly denied Plaintiffs' allegations, asserting that its horsepower representations are not misleading, and because there was no failure in expected performance, there is no claim. (Doc. 45). The Court granted class certification in part, but denied certification of a nationwide class. (Doc. 56).

Given the difficulty of the case and its procedural setting, the nationwide settlement is an outstanding result for Class Members. Each Class Member making a claim will be entitled to a *pro rata* share of the Common Fund remaining after fees, expenses, and service awards. Even if the claims rate reaches 20%, these payments would be expected to be in excess of $25. There will undoubtedly be a significant number of claims nearer the end of the July 26, 2022 Claims Deadline, but if the claims were cut off today the payment to each Class Member would be roughly $50.00. In addition, each Class Member may claim a transferable $100 Sole Gift Card.

---

[2] Detail surrounding the claims, defenses and procedural history may be found in Plaintiff's motion for preliminary approval (Doc. 59) and will not be repeated here.

Class Counsel are not seeking fees based upon the additional value of the Sole Gift Cards claimed, but solely based upon the Common Fund. A fee of one-third of the Common Fund is reasonable and well within the standards for fees within the Sixth Circuit. A lodestar cross-check, though optional, supports the requested fees as well.

The requested expenses and Service Award are reasonable and typical for a case such as this. Accordingly, Plaintiffs and Class Counsel respectfully request that the Court approve the requested distributions.

## II.     FACTUAL BACKGROUND

### A.     Litigation and Settlement

On August 30, 2019, Class Representative Laura Bechtel filed a complaint against Defendant Sole alleging that it made misrepresentations regarding the horsepower attributes in the advertising, marketing and sale of its treadmills sold. (Doc. 1, Complaint).[3]

On December 3, 2020, Plaintiffs filed a motion for class certification. (Doc. 37, Class Certification Motion). Following briefing, the Court held a hearing on August 16, 2021. On September 12, 2021, the Court issued an order granting in part and denying in part Plaintiffs' motion. (Doc. 56).  Plaintiffs were appointed as Class Representatives, and Markovits, Stock & DeMarco, LLC and Hellmuth & Johnson, PLLC were appointed as Class Counsel. *Id*.

In October 2021, counsel for the Parties discussed the possibility of mediation and agreed to utilize retired U.S. Magistrate Judge Denlow for mediation. Supplemental Declaration of W. B. Markovits ("Supp. Markovits Decl."), ¶ 7 (Exhibit 2 to Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement; Doc. 64-2). Judge Denlow conducted an extensive mediation

---

[3] On September 8, 2020, Plaintiffs filed an Amended Complaint. (Doc. 31), in part adding Class Representative Troy Thoennes.

process, including detailed mediation statements and "checklists," along with two joint mediation sessions as well as multiple individual sessions with the Parties. *Id*. The main mediation session was conducted on December 2, 2021 with a mediation in principle finally being reached between the Parties on January 6, 2022. *Id*.

Plaintiffs filed an unopposed motion for preliminary approval of a proposed settlement on January 28, 2022. (Doc. 59). This Court granted preliminary approval on February 22, 2022, setting in motion the notice and claims process to the Class. (Doc. 61).

As of June 12, 2022, there have been 44,461 claims. Declaration of Settlement Administrator, Doc. 64-3, ¶ 18.

## III.    ARGUMENT

### A.    The Court Should Approve the Requested Attorneys' Fees Based Upon the Percentage of the Fund Method.

The "common fund doctrine," or percentage-of-recovery method, has been recognized by the Sixth Circuit as an appropriate formula by which to calculate attorneys' fees in common fund cases. *Johnson v. Midwest Logistics Sys., Ltd*., No. 2:11-CV-1061, 2013 WL 2295880, at *6 (S.D. Ohio May 24, 2013) (citing *Rawlings v. Prudential-Bache Props., Inc*., 9 f.3d 513, 515-16 (6th Cir. 1993)); *see also Dillow v. Home Care Network, Inc*., No. 1:16-cv-612, 2018 WL 4776977, at * 4 (S.D. Ohio Oct. 3, 2018) (recognizing percentage of fund as preferred method over lodestar for common fund). When using the percentage method, "courts in this Circuit generally approve of awards that are 1/3 of the total settlement." *Borders v. Alternate Sol. Health Network, LLC*, No. 2:20-CV-1273, 2021 WL 4868512, at *4 (S.D. Ohio May 17, 2021).

In evaluating the reasonableness of the requested fee award, the Sixth Circuit requires district courts to consider the six "*Ramey*" factors:

(1) The value of the benefits rendered to the class;

(2) Society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others;

(3) Whether the services were undertaken on a contingency fee basis;

(4) The value of the services on an hourly basis (the lodestar cross-check);

(5) The complexity of the litigation; and

(6) The professional skill and standing of the counsel on both sides.

*Johnson*, 2013 WL 2295880, at *6 (citing *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974)).

### B.    All *Ramey* Factors Weigh in Favor of the Requested Fee

Class Counsel's request for fees in the amount of one-third of the Common Fund is consistent with the Settlement Agreement (Doc. 59-2 at Page ID ## 1291-92) as well as the Court-approved Notices. No Class Member has objected to Class Counsel's request, which is well within the range of reasonableness and should be approved. And, as discussed below, all *Ramey* factors support the requested fee.

#### 1.    The Value of the Benefits to the Class

Class Counsel's efforts resulted in a Settlement with a substantial, $3.65 million non-reversionary Common Fund.[4] After deductions for fees, costs and Service Awards, even at a high claims rate of 20% the estimated payment per Class Member would be in excess of $25. Markovits Decl., ¶ 16. Based on the current claims, each Class Member would receive  roughly of $50.00.

---

[4] The Settlement also provides for an additional class benefit of a $100 Sole Gift Card for each valid claim. Because the requested fees are supported based solely on the Common Fund alone, and consideration of the gift card benefit raises possible issues under CAFA with respect to fees, Class Counsel's fee request does not take into consideration this substantial class benefit when requesting attorney fees.

*Id*. Given that the deadline for claims is not until July 26, 2022, and it is typical for there to be a surge of claims surrounding the deadline, this number will drop as the claims increase. But the payment per Class Member in this case would still be projected at over $30.00. Markovits Decl., ¶ 8. This payment is in the range of the price premium damages that Class Members would seek at trial. *Id*., ¶ 16.  This factor supports the requested fee.

### 2.  Society's Stake in Rewarding Attorneys

Class Counsel was able to make monetary relief available for an estimated 375,000 consumers who purchased treadmills from Defendant. Without this lawsuit, the vast majority of these consumers would likely not have been aware that they were charged a price premium, and in any case would be unlikely to make an individual claim. Class actions such as this "have a value to society more broadly, both as deterrents to unlawful behavior—particularly when the individual injuries are too small to justify the time and expense of litigation—and as private law enforcement regimes that free public sector resources." *Gascho v. Glob. Fitness Holdings, LLC*, 822 F.3d 269, 287 (6th Cir. 2016).  This factor supports the requested fee.

### 3.  The Case was Taken on a Contingency Basis

Class Counsel took this case on a contingency fee basis, and therefore "undertook the risk of not being compensated, a factor that cuts significantly in favor of awarding them a significant recovery here." *Carr v. Guardian Healthcare Holdings, Inc*., No. 2:20-CV-6292, 2022 WL 501206, at *10 (S.D. Ohio Jan. 19, 2022) (citing *Kritzer v. Safelite Sols., LLC*, No. 2:10-CV-0729, 2012 WL 1945144, at *9 (S.D. Ohio May 30, 2012)); Markovits Dec., ¶ 29.  This factor supports the requested fee.

### 4. The Lodestar Cross-Check

When using the percentage method, a lodestar cross-check is optional. *Ganci v. MBF Inspection Servs., Inc*., No. 2:15-CV-2959, 2019 WL 6485159, at *7 (S.D. Ohio Dec. 3, 2019). Were the Court to apply a cross-check, however, it also supports the requested fee. Class Counsel have in the aggregate billed 1,732.80 hours, for a lodestar of $1,135,707.50. See Markovits Dec., ¶ 22. Class Counsel will continue to spend time on this matter: responding to objections, if any; addressing appeal issues, if any; and overseeing settlement administration, including responding as necessary to Class Member inquiries. Markovits Decl., ¶ 26. *See Arp v. Hohla & Wyss Enterprises, LLC*, No. 3:18-CV-119, 2020 WL 6498956, at *7 (S.D. Ohio Nov. 5, 2020) (recognizing that Class Counsel's work does not end at final approval). But even at the current lodestar, the fee represents a multiplier of 1.07, which is well within the range of reasonableness on a common fund settlement within this Circuit. Because of the inherent risks of litigation, courts in this district often award multipliers of "between approximately 2.0 and 5.0." *See Koenig v. USA Hockey, Inc.*, No. 2:09-cv-1097, 2012 WL 12926023, at *10 (citing *In re Broadwing, Inc. ERISA Litig*., 252 F.R.D. 369, 381 (S.D. Ohio 2016)). The requested 1.07 multiplier falls well within the reasonable range. *See Dillow v. Home Care Network, Inc*., No. 1:16-cv-612, 2018 WL 4776977, at *7 (S.D. Ohio Oct. 3, 2018) (citing *Lowther v. AK Steel Corp*., No. 1:11-cv-877, 2012 WL 6676131, at *5 (S.D. Ohio Dec. 21, 2012) (approving 3.06 multiplier and citing cases with multipliers ranging from 4.3 to 8.5)); *In re Cardinal Health Inc. Sec. Litig*., 528 F. Supp. 2d 752, 767 (S.D. Ohio 2007) (approving multiplier of 5.9). Class Counsels' hours were reasonably expended, and their hourly rates are in the ranges previously approved by courts, including this Court, for complex class action litigation. Markovits Decl., ¶ 22; Declaration of Nathan Prosser Decl., ¶ 4 (attached as **Exhibit 1**). *See Dillow*, 2018 WL 4776977, at *7 (concluding that $675 for

7

a senior attorney and between $250 and $400 for additional attorneys was reasonable). This factor supports the requested fee.

### 5. The Complexity of the Litigation

Generally, "[m]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them." *Ganci v. MBF Inspection Servcs., Inc.*, No. 2:15-cv-2959, 2019 WL 6485159, at *3 (S.D. Ohio Dec. 3, 2019) (quoting *Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 WL 3966253, at *3 (S.D. Ohio Aug. 17, 2018)) (quotation omitted). This case is no exception. In fact, typical class action complexity is amplified by the nature of the case. Plaintiffs bring a difficult product mislabeling case, where there is no allegation of a defect, where liability will depend upon competing views (supported by experts) as to whether horsepower was misrepresented, and where damages will depend upon analysis of a price premium using a complex conjoint analysis (again supported by experts) also likely to be the subject of dispute. *See*, *e.g.*, *Hawes v. Macy's Stores W., Inc.*, No. 1:17-CV-754, 2022 WL 194407 (S.D. Ohio Jan. 22, 2022) (including extensive discussion of multiple attacks by defendant regarding plaintiff's price premium theory). This factor supports the requested fee.

### 6. Skill and Standing of Counsel

This Court has already recognized that Class Counsel are knowledgeable in the applicable law and experienced in litigating class actions and other complex matters. *Bechtel v. Fitness Equip. Servs., LLC*, 339 F.R.D. 462, 486 (S.D. Ohio 2021). Defendant was represented by Thomas Gamache of Leahy, Eisenberg & Fraenkel, Ltd., a well-established Chicago law firm.

The skill and standing of counsel "on both sides" of the litigation supports the requested fee. *See In re Cardizem CD Antitrust Litig*., 218 F.R.D. 508, 538 (E.D. Mich. 2003).

C. **The Requested Fees are Comparable to Fees Awarded in Similar Common Fund Cases**

Finally, although not one of the *Ramey* factors, comparing the fees requested in this matter to fees awarded in similar common fund cases further supports the reasonableness of Class Counsel's request. An award of one-third of a common fund is well within the range of fees approved in class actions within the Sixth Circuit. *See, e.g., Karpik v. Huntington Bancshares Inc.*, No. 2:17-CV-1153, 2021 WL 757123, at *9 (S.D. Ohio Feb. 18, 2021) (approving one-third fee of fund); *Garner Properties & Mgmt., LLC v. City of Inkster*, No. 17-CV-13960, 2020 WL 4726938, at *10 (E.D. Mich. Aug. 14, 2020) (same); *Bailey v. Black Tie Mgmt. Co. LLC*, No. 2:19-CV-1677, 2020 WL 4673163, at *5 (S.D. Ohio Aug. 12, 2020) (Sargus, J.) (same); *Hosp. Authority of Metropolitan Gov't of Nashville v. Momenta Pharms., Inc.*, No. 3:15-CV-01100, 2020 WL 3053468, at *1 (M.D. Tenn. May 29, 2020) (same); *Johansen v. One Planet Ops, Inc.*, No. 2:16-CV-00121, 2020 WL 7062806, at *4 (S.D. Ohio Mar. 25, 2020) (same); *Allan v. Realcomp II, Ltd.*, No. 10-CV-14046, 2014 WL 12656718, at *2 (E.D. Mich. Sept. 4, 2014) (same).

D. **The Court Should Award Class Counsel's Out-of-Pocket Expenses, Authorize Settlement Administration Costs, and Approve the Requested Service Awards**

The notices state that Class Counsel will seek litigation expenses not to exceed $130,000. (*e.g.*, Doc. 59-2 at PageID 3 1322). Class Counsel seek reimbursement of $120,935.48 for out-of-pocket costs incurred in litigation, all of which they advanced with the risk of no recovery. (Markovits Decl, ¶ 30). These expenses include costs related to expert retention, depositions, filing fees, copy costs and research. *Id.* The largest of these expenses are for Plaintiffs' electrical motor testing, conjoint survey, and price premium damage experts ($86,126.87) and the mediation services of Ret. Judge Denlow ($15,281.72). *Id.* All of these costs were reasonable and necessary in connection with litigation and resolving this case and are reimbursable. *See Feiertag v. DPP*

9

*Holdings, LLC*, 2016 WL 4721208, at *8 (S.D. Ohio Sept. 9, 2016) (approving reimbursement of costs for court-filing fees, legal research, photocopies, postage, process service, and travel and accommodation for mediation) (citing *In re Packaged Ice Antitrust Litig*., 2012 WL 5493613, at *8 (E.D. Mich. Nov. 13, 2012)). The requested costs are reasonable, were necessary to achieve the Settlement, and should be approved.

Class Counsel received bids from various settlement administrator firms, ultimately choosing Angeion because all Class Counsel felt comfortable with both Angeion's bid and the company and wanted to avoid possible administration problems down the road. Supp. Markovits Decl., ¶ 9. Angeion has already received an advance of $250,000.00 pursuant to the Settlement Agreement and has incurred fees and expenses of more than $182,000 to date. *Id*. Angeion has agreed to a cap of $295,000.00 for its work on this matter. *Id*., ¶¶ 9, 31.

Finally, Class Counsel request that the Court approve Service Award to Class Representatives in the amount of $5,000 each as set forth in the notices. (*e.g*., Doc. 59-2 at Page ID # 1322). Defendant does not oppose this request, and Class Members have been put on notice that this amount would be requested and have not objected. *Id*. Providing class representative service awards is "an efficacious way of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Feiertag,* 2016 WL 4721208, at *8 (quoting *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003)).

Both Ms. Bechtel and Mr. Thoennes have taken an active part in the litigation. Supp. Markovits Decl., ¶ 6. The modest service awards requested here reflect compensation of their time and effort in prosecuting the claims asserted in this action on behalf of the Class. They are well within the range of awards approved in this Circuit and represent a small reduction in the $3.65 million Common Fund. *See, e.g., Graybill v. Petta Enters., LLC*, No. 2:17-cv-418, 2018 WL

4573289, at *8-9 (S.D. Ohio Sept. 25, 2018) (approving service award of $5,500 to the named plaintiff from a $97,500 settlement); *Wright v. Premier Courier, Inc.*, 2018 WL 3966253, at *8 (S.D. Ohio Aug. 17, 2018) (approving service awards of $5,000 each to two named plaintiffs from a $600,000 settlement); *Johnson*, 2013 WL 2295880, at *5 (approving $12,500 enhancement award to the named plaintiff from a $452,380 settlement); *Dillworth v. Case Farms Processing*, *Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *7 (N.D. Ohio Mar. 8, 2010) (approving enhancement awards of $6,000 and $4,000 to the two named plaintiffs in hybrid FLSA and Rule 23 class action).

## IV.  CONCLUSION

For all of the foregoing reasons, Class Counsel respectfully requests that the Court grant Plaintiffs' Unopposed Motion for Attorneys' Fees, Expenses, and Class Representative Service Awards, and enter the proposed Order attached as Exhibit 1 to the Motion for Final Approval of Class Action Settlement. Doc. 64-1.

Respectfully submitted,

*/s/ W.B. Markovits*
W.B. Markovits (0018514)
Terence R. Coates (0085579)
Justin C. Walker (0080001)
MARKOVITS, STOCK & DEMARCO, LLC
119 E. Court St., Suite 350
Cincinnati, OH 45202
Phone: (513) 651-3700
Fax: (513) 665-0219
*bmarkovits@msdlegal.com*
*tcoates@msdlegal.com*
*jwalker@msdlegal.com*

Nathan D. Prosser (*pro hac vice*)
HELLMUTH & JOHNSON, PLLC
8050 West 78th Street
Edina, MN 55439
Telephone: (952) 941-4005
Fax: (952) 941-2337
*nprosser@hjlawfirm.com*

*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 13, 2022 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

<u>/s/ *W.B. Markovits*          </u>
W. B. Markovits (0018514)