UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LAURA BECHTEL, *et al.*,<br>Plaintiffs, | Case No. 1:19-cv-726<br>Litkovitz, M.J. |
| v. | **ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTIONS FOR FINAL APPROVAL, ATTORNEY FEES, EXPENSES, AND SERVICE AWARDS** |
| FITNESS EQUIPMENT SERVICES, LLC,<br>Defendant. | |

This matter is before the Court on plaintiffs' unopposed motion for final approval of a class action settlement (Doc. 64) and plaintiffs' unopposed motion for attorney fees, expenses, and class representatives' service awards (Doc. 65). Plaintiffs specifically request: 1) final approval of the class action settlement; 2) attorney fees and expenses; and 3) service awards for the class representatives, as detailed in the January 24, 2022 class action settlement agreement and release (Doc. 59-2) entered into with defendant Fitness Equipment Services, LLC dba Sole Fitness ("Sole"). After granting preliminary approval of the class action settlement (Doc. 61), the Court conducted a fairness hearing on September 21, 2022. At the fairness hearing, the Court heard arguments from all interested parties, including the objector present.

Attorney Jason Winter, a potential Class member, filed and orally presented a thorough and well-reasoned objection (Doc. 68) to the proposed Class action settlement. He initially raised four bases for objection. (*Id.* at PAGEID 68). At the fairness hearing, Winter withdrew two of his four concerns, after receiving additional information and documentation from class counsel. The remaining two issues involve the adequacy of the common fund and the inclusion of a $100 Sole gift card as part of Class compensation.[1]

With regard to the common fund's adequacy to address Class members' actual damages,

---

[1] Another objector filed a written objection raising these same issues. (*See* Doc. 67).

Winter correctly noted that each Class member will likely receive between $30 and $35 in damages from the common fund, even though the treadmills Class members purchased range in price from approximately $1000 to $2800. The Court overrules this objection for three reasons. First, Class members retain exclusive possession of their purchased treadmills, and there is no allegation that those treadmills fail to perform as required. Second, plaintiffs allege that Sole overstated the treadmills' continuous horsepower (CHP) ratings during normal household use and, in reliance on those representations, plaintiffs paid a price premium for the treadmills. However, Sole vehemently denies plaintiffs' allegations, and represented to the Court that all major treadmill companies determine CHP the same way Sole does. Therefore, according to Sole, plaintiffs paid no price premium for the high-quality treadmills they purchased. Litigation of such expert-dependent claims would be enormously expensive to take to trial, and there is no guarantee of success. Indeed, it is highly unlikely that a single treadmill owner could expend the resources necessary to try this case, regardless of the risk that a jury may return a defense verdict. At the fairness hearing, counsel acknowledged that plaintiffs' retained price premium expert estimated damages at $80 to $100 per treadmill. The meaningful recovery of $30 to $35 per treadmill at this early juncture represents reasonable compensation consistent with the risks and expenses associated with this type of litigation. Third, counsel for both sides explained the difficulties class counsel experienced in obtaining the $3.65 million common fund, and no objector offered evidence or authority from other cases to support their claim that the common fund here is inadequate.

   As to the inclusion of a $100 Sole gift card as part of Class compensation, this objection, too, is overruled. As counsel explained at the fairness hearing, the $100 gift cards are completely transferable. Therefore, if Class members do not wish to purchase another item from Sole, they

are free to sell the gift cards in secondary markets to anyone who would like to purchase them. In addition, the $100 gift cards are supplemental to the compensation each Class member will receive from the common fund.

Having thoroughly considered everything filed in this matter, the oral arguments presented, and the declarations attesting to the publication of the notice to class members, the Court finds the following:

1. Plaintiffs' unopposed motion for final approval of the class action settlement (Doc. 64) is **GRANTED**, consistent with this Order.

2. This Order incorporates by reference the definitions in the settlement and all terms used here shall have the same meaning as set forth in the settlement. The terms of the settlement are fully incorporated in this Order.

3. The Court has jurisdiction over the subject matter of the settlement and all parties in this matter.

4. Due and adequate notice was given in early 2022 to the potential class members of their right to be excluded from the Class. The Court further finds that because all potential class members previously received the Court-approved class certification notice and were afforded the opportunity to be excluded from the Class, the parties need not provide potential class members a second opportunity to be excluded from the Class.

5. The Court finds that due and adequate notice was given of the settlement, the plan of allocation of the settlement benefits, class counsel's request for attorney fees and reimbursement of litigation expenses as well as service awards for the class representatives, and that the forms and methods for providing such notice to the

     Class:

        a. constituted the best notice practicable under the circumstances, including individual notice to all Class members who could be identified through reasonable effort;

        b. were reasonably calculated, under the circumstances, to apprise settlement Class members of: (i) their right to object to any aspect of the proposed settlement, including the terms of the settlement; (ii) their right to appear at the fairness hearing, either on their own or through counsel hired at their own expense, if they were not excluded from the Class; (iii) the amount of attorneys' fees, litigation expenses, administration expenses, and class representative service awards requested in the settlement; and (v) the binding effect of the proceedings, rulings, orders and judgment in this action, whether favorable or unfavorable, on all persons who are not excluded from the Class;

        c. were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with such notice; and,

        d. fully satisfied all the applicable requirements under Fed. R. Civ. P. 23, due process, and all other applicable laws.

6.     The Class excludes those persons or entities who timely and validly filed a request for exclusion from the Class under the Court-approved notice sent to the Class in early 2022. Persons or entities who timely filed complete and valid requests for exclusion from the Class and who have not availed themselves of the opportunity to opt back into the Class are not bound by this Order or the terms of the settlement, and may pursue their own individual remedies against defendant, to the extent they

have standing to do so. Such persons or entities are not entitled to any rights or benefits provided to the Class members under the settlement.

7. Pursuant to Fed. R. Civ. P. 23(e), the Court hereby approves the settlement and finds that it is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, plaintiffs. Accordingly, the settlement is approved in all respects and shall be consummated in accordance with its terms and conditions. Plaintiffs and defendant are directed to perform the terms of the settlement, and the Clerk of the Court is directed to enter and docket this judgment in this action.

8. The Court approves the allocation plan set forth in the notice as fair and equitable. The Court directs class counsel and the Angeion Group ("Angeion"), the claims administrator, to proceed with processing the monetary and gift card claims and the administration of the settlement and, upon completion of the claims processing procedure, to present to the Court a proposed final distribution order for the distribution of any remaining settlement funds.

9. Defendant will cease using the terminology "Continuous Horsepower" or "CHP" to market or sell its treadmills. It will remove such references from its website, from online manuals, and from any future distributed manuals or marketing materials. Defendant will make a good faith effort to have retailers that sell its treadmills cease using these terms and will provide class counsel with evidence that they have done so.

10. Defendant will not make the claim that its horsepower representations reflect the maximum output a treadmill motor will actually sustain under variable conditions of rated user weight and at variable speeds/inclines (or something similar). Sole will

not use the term "horsepower" with respect to the input to a motor.

11. With respect to any future horsepower claim for its treadmills, defendant will provide information proximate to the claim to inform customers about the basis for the claim, such as, "The stated horsepower is based on the motor manufacturer's horsepower rating," and/or, "The stated horsepower is measured in laboratory testing using a dynamometer, which measures the mechanical power of the motor." Defendant will make a good faith effort to have retailers that sell its treadmills similarly provide such information with respect to future horsepower claims.

12. If class counsel believes defendant is in breach of any provisions set forth in paragraphs nine through eleven of this Order, they must give Sole reasonable notice and opportunity to cure following a "meet and confer" conference before seeking any related relief.

13. Defendant is released and forever discharged from any and all of the released claims. All Class members are forever barred and enjoined from asserting, instituting, or prosecuting, directly or indirectly, any of the released claims in any court or other forum against any of the released parties, regardless of whether or not such Class member executes a claim form. All Class members are bound by the settlement and are forever barred and enjoined from taking any action in violation of the settlement.

14. The Court **DISMISSES WITH PREJUDICE** this action and all of plaintiffs' claims against defendant. Subject to paragraphs 74 and 121 of the settlement agreement and release (Doc. 59-2 at PAGEID 1291 and 1311), plaintiffs and defendant shall bear their own fees and costs.

15. Neither the settlement nor any act performed or document executed under or in furtherance of the settlement: (a) is or may be deemed or may be used as an admission of, or evidence of, the validity of any of plaintiffs' claims against defendant; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of defendant in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (c) is admissible in any proceeding except an action to enforce or interpret the terms of the settlement and any other documents executed in connection with the performance of the settlement agreement. Defendant may file the settlement and/or this Order in any action that may be brought against it in order to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. Plaintiffs' motion for attorney fees, expenses and class representative service awards (Doc. 65) is **GRANTED**.

17. Class counsel's requested fee award equal to one-third of the common fund, or $1,216,666.67, is fair and reasonable for the work performed in this matter and may be deducted from the common fund and paid in accordance with the settlement. The actual hours expended by class counsel times their reasonable hourly rate will approximately equal this amount. Indeed, considering the additional hours likely to be expended throughout the administration of the settlement, the $1,216,666.67 in attorney fees may ultimately include a negative multiplier. Thus, the Court's lodestar cross-check supports the attorney fees awarded.

18. Class counsel's requested reimbursement of litigation expenses of $120,935.48, is fair and reasonable. In addition, the settlement administration expenses of Angeion, in the amount of $295,000, were reasonable and necessary in the prosecution of this action on behalf of the Class. Both sums may be deducted from the common fund and paid in accordance with the settlement.

19. A service award of $5,000 to each of the two class representatives is fair, reasonable, and necessary to compensate the class representatives for their time and effort and the risk assumed in pursuing this action. This sum may be deducted from the common fund and paid in accordance with the settlement.

20. Without affecting the finality of this Order in any way, the Court retains continuing jurisdiction over: (a) implementation and enforcement of any award or distribution from the common fund; (b) disposition of the common fund; (c) payment of taxes by the common fund; and (d) any other matters related to finalizing and implementing the settlement.

21. Neither appellate review, nor modification of the allocation plan set forth in the settlement, nor any action in regard to the award of class counsel's attorney fees and reimbursement of litigation expenses, payment or administration expenses, or service awards to Class representatives, shall affect the finality of any other portion of this Order, nor delay the effective date of the stipulation, and each shall be considered separate for the purposes of appellate review of this Order.

22. In the event that the settlement does not become final in accordance with the terms of the settlement or the effective date does not occur, then this Order shall be rendered null and void to the extent provided by and in accordance with the

settlement and shall be vacated. In such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the settlement.

23. This Order applies to all claims asserted in this action. The Court finds, for purposes of Fed. R. Civ. P. 54(b), that there is no just reason for delay and expressly **DIRECTS** entry of judgment as set forth in this Order.

   **IT IS SO ORDERED.**

Date: 9/29/2022

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge